UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT SWETT, *as personal*
*representative of the estate of*
*Elaine G. Swett, deceased*,

      Plaintiff,

v.                            Case No.: 8:06-CIV-1805-T-24TGW

UNITED STATES OF AMERICA

      Defendant,

_____/

## ORDER

This cause comes before the Court on Defendant United States of America's Motion to Dismiss Plaintiff's Amended Complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. No. 14.) Plaintiff Robert Swett opposes this motion. (Doc. No. 17.) For the reasons stated herein, Defendant's Motion is granted.

**I.    Background**

On October 2, 2006, Plaintiff Robert Swett, as personal representative of the estate of Elaine G. Swett, commenced this suit under the Federal Tort Claims Act against Defendant United States Postal Service. (Doc. Nos. 1, 13.) Plaintiff alleges that Defendant was negligent in permitting its employee, Kristina D. Simmons, to work a full-time schedule despite her medical condition and that this negligence caused Simmons to get into a car accident with Elaine Swett, which resulted in Swett's death. (*Id.*)

In particular, Plaintiff alleges the following: In November of 2004, Defendant hired Simmons as a part-time, flexible employee of the United States Postal Service. (Pl.'s Am.

Comp. ¶ 12.)  At the time of her hiring, Defendant knew that Simmons suffered from multiple sclerosis ("MS") and took medication daily for this condition. *(Id.* at ¶ 13.)  Simmons had a history of getting drowsy and fatigued while driving home from work, especially if she worked a full-time schedule.  (*Id.* at ¶ 14.)

During the time relevant to this suit, Simmons worked from 5:30 a.m. to 10:00 a.m. and from 12:00 p.m. to 5:00 p.m.  (*Id.* at ¶ 16.)  At some point before the subject accident, Defendant required Simmons to work additional hours because one of her co-employees had recently quit. (*Id.* at ¶ 15.)  Also at some point before the accident, Simmons' supervisor, Post Master Billy Edwards, granted her request to be relieved from her morning shift at least one or two days per week because of her fatigue.  (*Id.* at ¶¶ 17-18.)

On May 26, 2005, at approximately 5:00 p.m., Simmons was driving home from work in her personal automobile when her vehicle collided with Elaine Swett's vehicle, causing fatal injuries to Swett.  (*Id.* at ¶¶ 19, 20.)  On the day of the accident, Simmons was fatigued and drowsy from working additional hours at the Post Office.  (*Id.* at ¶ 24.)  Her excessive work hours caused her to drive negligently and resulted in the accident.  (*Id.* at ¶¶ 20, 24.)

Plaintiff contends that Post Master Edwards was negligent in continuing to employ Simmons on a full-time schedule when he knew or should have known that she had MS and that she could not work a full-time schedule without becoming drowsy and fatigued while driving home from work.  (*Id.* at ¶ 27.)  Furthermore, Plaintiff contends that Post Master Edwards was negligent in failing to determine the full effect of Simmons' medical condition on her physical activities, including driving.  (*Id.*)  Plaintiff contends that, as a direct and proximate cause of Defendant's negligence, Elaine Swett sustained fatal injuries.  (*Id.* at ¶ 28.)

2

## II.      Standard of Review

When ruling on a motion to dismiss for failure to state a claim, the district court "must accept the allegations in the complaint as true, construing them in the light most favorable to the plaintiff." *Murphy v. Fed. Deposit Ins. Corp.*, 208 F.3d 959, 962 (11th Cir. 2000).  "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102, 2 L. Ed. 2d 80 (1957).  "[T]he Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim." *Id.* at 47, 78 S. Ct. at 103.  All that is required is "a short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2).  The standard on a 12(b)(6) motion is not whether the plaintiff may ultimately prevail on its theory, "but whether allegations are sufficient to allow [the plaintiff] to conduct discovery in an attempt to prove [its] allegations." *Jackson v. Hosp. Corp. of Am. Mideast, Ltd.*, 800 F.2d 1577, 1579-80 (11th Cir. 1986).

## III.     Discussion

Defendant argues that Plaintiff failed to state a claim for negligence against Defendant as a matter of law because it did not owe a duty of care to Swett under the particular facts and circumstances of this case.  Defendant asserts that Simmons was not acting within the scope of her employment when she drove home from work on May 26, 2005, and Defendant lacked the requisite control over Simmons to create a foreseeable risk of harm to Swett.

Plaintiff concedes that Simmons was not acting within the scope of her employment at the time of the accident.  Rather, Plaintiff argues that Defendant's legal duty to Swett arose when it required Simmons to work a full-time schedule knowing that she would become fatigued and

drowsy due to her MS.

The Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) *et seq.*, "was designed to provide redress for ordinary torts recognized by state law." *Stone v. United States*, 373 F.3d 1129, 1130 (11th Cir. 2004) (quotation and citation omitted).  As a limited waiver of sovereign immunity, 28 U.S.C. § 1346(b)(1) provides that a civil action may be brought against the United States for "personal injury or death caused by the negligent act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

Here, Florida tort law applies because the alleged tort occurred in Florida.  Under Florida law, "[t]o state a claim for negligence . . . , a plaintiff must allege that the defendant owed the plaintiff a duty of care, that the defendant breached that duty, and that the breach caused the plaintiff to suffer damages." *Stone*, 373 F.3d at 1130 (quotation and citation omitted).

"The determination of the existence of a duty of care in a negligence action is a question of law." *Goldberg v. Fla. Power & Light Co.*, 899 So. 2d 1105, 1110 (Fla. 2005).  "The duty element of negligence focuses on whether the defendant's conduct foreseeably created a broader 'zone of risk' that poses a general threat of harm to others."[1]  *McCain v. Fla. Power Corp.*, 593 So. 2d 500, 502 (Fla. 1992).  "Where a defendant's conduct creates a foreseeable zone of risk, the law generally will recognize a duty placed upon defendant either to lessen the risk or see that

---

[1]A duty of care may arise from multiple sources: "(1) legislative enactments or administration regulations; (2) judicial interpretations of such enactments or regulations; (3) other judicial precedent; and (4) a duty arising from the general facts of the case." *Goldberg*, 899 So. 2d at 1110 (quotations and citations omitted).  The instant case falls within the fourth category: the duty, if it exists, would arise from the facts of the case. *See id.*

4

sufficient precautions are taken to protect others from the harm that the risk poses." *Kaisner v. Kolb*, 543 So. 2d 732, 735 (Fla. 1989). However, "a legal duty is not established by evidence of foreseeability alone." *Aguila v. Hilton, Inc.*, 878 So. 2d 392, 396 (Fla. 1st DCA 2004). There must also be allegations that the defendant's conduct created or controlled the risk. *Id.* at 396-97.

In *Aguila v. Hilton, Inc.*, 878 So. 2d 392 (1st DCA 2004), Florida's First District Court of Appeal refused to find that a motel owed a duty of care to control the conduct of its guests in order to prevent harm to the public. In *Aguila*, a motel security guard directed an underage guest to leave a motel room knowing that the guest was intoxicated. *Id.* at 394. The intoxicated guest drove away from the motel and collided with another car, killing one of the occupants. *Id.* The trustee of the decedent's estate filed suit, alleging that the motel's conduct in promoting underage drinking and ordering the intoxicated guest to leave the room created a risk of harm to the general public and to the decedent. *Id.* The court, however, concluded that the motel's conduct did not create the risk of harm because the intoxicated guest could have elected to remain in other areas of the motel or employ other means of transportation. *Id.* at 397. In reaching this conclusion, the court found it significant that there was no relationship between the motel and the guest that would give rise to a duty to control the guest's conduct so as to prevent him from causing harm to another. *Id.* The motel had no duty "to protect members of the general public from acts committed off the motel premises by motel patrons." *Id.*

Under circumstances analogous to the instant case, in *Hernandez v. Tallahassee Medical Center, Inc.*, 896 So. 2d 839 (Fla. 1st DCA 2005), Florida's First District Court of Appeal refused to find that an employer owed a duty to its employee to avert a threatened harm because

the employer's conduct did not create a foreseeable zone of risk.   In *Hernandez*, the employee, who suffered from an epileptic-seizure disorder, called in sick due to symptoms she believed to be consistent with an impending seizure.  *Id.* at 840-841.  Despite the employee's assertions about her symptoms, the employer ordered her to come to work "right away."  *Id.* at 841.  The employee proceeded to work as ordered and suffered a seizure, resulting in a car accident and permanent injuries.  *Id.*  The court concluded that the plaintiff was not acting within the scope of her employment when the accident occurred, and therefore, the employer's act in ordering her to report to work "right away" did not create a foreseeable risk of harm.  *Id.* at 844.  The court reasoned that the employer's demand was not accompanied by an explicit threat that if she failed to comply she would be subject to termination, nor did it include an express order that she drive herself immediately to work.  *Id.*  Furthermore, the employee retained the choice to decline the directive and suffer any potential consequences, or to seek a different means of transportation than driving her own automobile.  *Id.*  Accordingly, because no duty to the employee arose from the employer's conduct, the appellate court affirmed the trial court's order dismissing the case. *Id.*

Viewing the facts of this case in the light most favorable to Plaintiff, the Court concludes that Plaintiff has failed to allege facts sufficient to demonstrate that Defendant owed a duty of care to Swett.  At the time of the accident, Simmons was not acting within the scope of her employment with Defendant.  Plaintiff has not alleged that Defendant had control over Simmons' conduct so as to prevent her from causing harm to the general public on the road after working hours.  Furthermore, Defendant was not in a position to control the risk to which Swett was exposed because Simmons could have elected to employ other means of transportation or

could have elected not to work a full-time schedule and suffer any potential consequences.  Also, Plaintiff has not alleged that Defendant had actual knowledge of Simmons' fatigued condition on May 26, 2005.  Defendant's conduct in employing Simmons on the day of the accident, and allowing her to leave work without assessing her physical condition, can not be said to have created any foreseeable zone of risk of harm to Swett.

The Court concludes that this case is distinguishable from *Bardy v. Walt Disney World Co.*, 643 So. 2d 46 (Fla. 5th DCA 1994), a case relied upon by Plaintiff.  In *Bardy*, the employer's security guard ordered an employee to leave the premises after an employee party, despite the employee's visibly intoxicated condition and his protestations that he was too intoxicated to drive.  *Id.* at 47.  When the employee left the premises, he struck a light pole and was injured.  *Id.*  Florida's Fifth District Court of Appeal reversed the trial court's dismissal of the employee's negligence claim on the grounds that the employer had a duty to refrain from ordering its visibly intoxicated employee to drive.  *Id.*  The court reasoned that to drive while intoxicated "is not only obviously perilous to the driver but to others as well, and is a violation of law."  *Id.*

Plaintiff argues that *Bardy* is analogous to this case.  Plaintiff reasons that, because Simmons' fatigued condition was a direct result of Defendant's requiring her to work a full-time schedule on May 26, 2005, Defendant had a duty to refrain from permitting her to drive home after her shift.  *Bardy*, however, is distinguishable because the court in *Bardy* found that the defendant had a duty to refrain from ordering the plaintiff to engage in dangerous conduct, i.e. driving while intoxicated.  In the instant case, however, Defendant did not order Simmons to

7

drive; it simply did not prevent her from driving.[2]

## IV.    Conclusion

Plaintiff has failed to demonstrate that Defendant owed Elaine Swett a duty of care under the facts of this case, and therefore, he has failed to state a claim for negligence as a matter of law.  The Court will not permit Plaintiff leave to file a second amended complaint because Plaintiff has not put forth an adequate basis for an amendment and because any such amendment would be futile.  Accordingly, it is **ORDERED AND ADJUDGED** that Defendant United States of America's Motion to Dismiss Plaintiff's Amended Complaint (Doc. No. 14) is **GRANTED**.  The Clerk is directed to close this case and to terminate any remaining motions.

**DONE AND ORDERED** at Tampa, Florida, this the 30th day of March, 2007.

*Susan C. Bucklew*

SUSAN C. BUCKLEW
United States District Judge


Copies to:

Counsel of Record

---

[2]The remaining cases cited by Plaintiff are unpersuasive either because they do not involve Florida law, *see Faverty v. McDonald's Rests. of Or., Inc.*, 892 P. 2d 703 (Or. C. App. 1994), *Escoto v. Estate of Ambriz*, 200 S.W. 3d 716 (Tx. App. 2006), *Harrington v. Brooks Drugs, Inc.*, 808 A. 2d 532 (N.H. 2002), or because they involve respondeat superior liability, *see Carroll Air Sys., Inc. v. Greenbaum*, 629 So. 2d 914 (Fla. 4th DCA 1993).